**No. 1:22-cr-00033-DDD-GPG**
**ORAL ARGUMENT REQUESTED**

---

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

---

United States of America,

*Plaintiff-Appellee*,

v.

David Lesh,

*Defendant-Appellant.*

**On Appeal from the United States Magistrate Court**
**for the District of Colorado**
**Magistrate Judge Gordon P. Gallagher**
**No. 20-po-07016**
_____

**DEFENDANT-APPELLANT'S REPLY BRIEF**

Jenin Younes
NEW CIVIL LIBERTIES ALLIANCE
1225 19th Street NW, Suite 450
Washington, DC 20036
202-869-5210
Jenin.Younes@ncla.legal

*Counsel for Defendant-Appellant*

November 21, 2022

## TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ...................................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................................. ii

INTRODUCTION ........................................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

I.     APPELLANT DID NOT WAIVE VARIOUS CONSTITUTIONAL COMPONENTS OF HIS SUFFICIENCY OF EVIDENCE ARGUMENTS ............................................................................ 1

II.    THE MAGISTRATE JUDGE'S EVIDENTIARY RULINGS ARE NOT IMPERVIOUS TO APPELLATE REVIEW AND THE FEDERAL RULES OF EVIDENCE ............................................................... 6

CONCLUSION ............................................................................................................................... 9

CERTIFICATE OF COMPLIANCE .............................................................................................. 10

CERTIFICATE OF SERVICE ...................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Sybase, Inc.*,
 468 F.3d 642 (10th Cir. 2006) ................................................................................................ 3

*Att'y Gen. of Okla. v. Tyson Foods, Inc.*,
 565 F.3d 769 (10th Cir. 2009)................................................................................................. 7

*Ex parte Lyles*,
 323 S.W.2d 950 (Tex. Crim. App. 1959).................................................................................. 4

*Hormel v. Helvering*,
 312 U.S. 552 (1941) ............................................................................................................. 3, 5

*Lockhart v. Nelson*,
 488 U.S. 33 (1988) .................................................................................................................. 8

*New England Mut. Life Ins. Co. v. Anderson*,
 888 F.2d 646 (10th Cir. 1989)................................................................................................. 7

*People v. De Groot*,
 247 N.E.2d 177 (Ill. App. 1969) ............................................................................................. 7

*Rose v. Clark,*
 478 U.S. 570 (1986) ................................................................................................................ 6

*Staples v. United States*,
 511 U.S. 600 (1994) ................................................................................................................ 2

*Sullivan v. Louisiana,*
 508 U.S. 275 (1993) ................................................................................................................ 6

*Tosco Corp. v. Koch Indus., Inc.*,
 216 F.3d 886 (10th Cir. 2000)................................................................................................. 7

*United States v. Atkinson*,
 990 F.2d 501 (9th Cir. 1993)................................................................................................... 3

*United States v. Courtney*,
 816 F.3d 681 (10th Cir. 2016).............................................................................................. 4, 5

*United States v. Espinoza*,
 244 F.3d 1234 (10th Cir. 2001)............................................................................................... 5

*United States v. Goode*,
 483 F.3d 676 (10th Cir. 2011)................................................................................................. 5

*United States v. Leffler*,
 942 F.3d 1192 (10th Cir. 2019)........................................................................................ 3, 4, 6

*United States v. Lewis*,
 411 F.3d 838 (7th Cir. 2005)................................................................................................... 3

*United States v. MacKay*,
 715 F.3d 807 (10th Cir. 2013)................................................................................................. 4

*United States v. McIntyre*,
    467 F.2d 274 (8th Cir. 1972) ........................................................................................... 4

*United States v. Ramirez-Castillo*,
    748 F.3d 205 (4th Cir. 2014) ........................................................................................... 6

**Other Authorities**

Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure (2d ed. 1995) ................ 7

**Rules**

Fed. R. Evid. 101 ............................................................................................................................ 7

Fed. R. Evid. 1101 .......................................................................................................................... 7

**Regulations**

36 C.F.R. § 261.10 .......................................................................................................................... 2

# INTRODUCTION

The Government depicts this as an open-and-shut case in which "substantial" evidence established that a "brazen" internet provocateur "openly flouted" federal regulations by snowmobiling over closed federal lands and posting photos of the "stunt" on Instagram to "drum up business." But, in fact, the Government entirely failed to provide *any* (much less "substantial") evidence that Appellant was the person in the photographs—nor proof of the date or location on which those photographs were taken. To summarize, the Government's brief misrepresents the evidence before the Magistrate Judge, draws implausible conclusions from evidence submitted, relies on inadmissible evidence, and misstates the applicable case law.

Contrary to the Government's contentions, Appellant's due process, First Amendment, and non-delegation arguments were adequately preserved for appellate review at trial and were not waived. This Court must not rubber stamp the magistrate court's evidentiary rulings simply because this was a bench trial. In sum, the Government's submission cannot serve as the basis to uphold Appellant's convictions, which for the reasons stated herein, along with those in his opening brief, must be vacated.[1]

# ARGUMENT

## I. APPELLANT DID NOT WAIVE VARIOUS CONSTITUTIONAL COMPONENTS OF HIS SUFFICIENCY OF EVIDENCE ARGUMENTS

The Government incorrectly contends that Appellant (1) failed to preserve three "ancillary arguments" within the contours of his claim alleging insufficiency of the evidence; and (2) waived these arguments by failing to assert plain error in his opening brief. (Response Br. at 18). The

---

[1] The present brief is intended solely to respond to those contentions that require further discussion for the proper determination of the issues raised on appeal. Accordingly, and without waiving any of the previously made claims, this brief avoids repeating arguments that were adequately addressed in the opening brief.

Government's arguments are without merit.

Importantly, Appellant did not raise these three "ancillary arguments"—due process, First Amendment, and non-delegation—as independent legal claims. (*See* Appellant's Opening Br. at 16-19). Rather, they helped corroborate the legal claim that this conviction of selling merchandise or conducting work activity on federal land was based on an illegitimate (and thus disallowed) construction of the regulation in question, 36 C.F.R. § 261.10(c). (*See id.*).

First, Appellant argued that the proceedings against him in this case implicated due process and notice deficits because no reasonable person could have understood a regulation that prohibits sale of merchandise and conducting work activity on federal land to encompass and outlaw posting photographs of an unidentified person to Instagram. Every criminal offense, unless stated otherwise, has a *mens rea* requirement. *See Staples v. United States*, 511 U.S. 600, 638 n.25 (1994) (Stevens, J., dissenting). So, due process concerns about a statute being employed in an unforeseen manner are part of establishing legal insufficiency of evidence.

Similarly, Appellant's argument that his prosecution as to this count violated both his and his Instagram followers' speech rights was inextricably intertwined with the sufficiency-of-evidence challenge. After all, evidence that allows one to be convicted for exercising fundamental rights is plainly insufficient as a matter of constitutional law. And finally, Appellant raised the non-delegation argument to substantiate his contention that his conviction under § 261.10(c) far exceeded any reasonable interpretation of the regulation. In short, the arguments to which the Government objects are not standalone challenges that Appellant has suddenly sprung upon it. Rather, they are part and parcel of the objections to the sufficiency of the evidence that Appellant has pressed throughout the course of his prosecution.

Second, each of these claims *was* raised below, although admittedly defense counsel did not elaborate on them extensively. Given that none of these claims was intended to standalone,

defense counsel adequately preserved these arguments with a pretrial motion to dismiss based on "a violation of the nondelegation doctrine," by making insufficiency arguments in summation and motion for judgment of acquittal (MJA), and by raising First Amendment and due process concerns in summation.   (Opening Br. at 3, 7-8, 10, 20).  *See United States v. Atkinson*, 990 F.2d 501, 503 (9th Cir. 1993) (preservation rules are relaxed in a bench trial as the judge acts as both trier of fact and law, and "implicitly rules on the sufficiency of the evidence by rendering a verdict of guilty.").

Third, because Appellant did not raise these claims as independent constitutional challenges, but rather to substantiate his argument that he was convicted on the basis of legally insufficient evidence, the waiver rule finds no applicability here.  The purpose of the waiver rule— similar to preservation—is: (1) to avoid manifest unfairness to an appellee resulting from a paucity of opportunity to respond in writing; and (2) to prevent an appellate court from issuing an improvident or ill-advised opinion because it did not have the full benefit of the adversarial process.  *See United States v. Leffler*, 942 F.3d 1192, 1197-98 (10th Cir. 2019); *see also Hormel v. Helvering*, 312 U.S. 552, 556 (1941) (waiver doctrine exists "in order that parties may have the opportunity to offer all the evidence they believe relevant to the issues.").  However, when an appellee has been given an opportunity to respond to the substance of the appellant's argument, as the Government has been here, the waiver rule is inapposite.  *See, e.g.*, *United States v. Lewis*, 411 F.3d 838, 844 (7th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Aug. 11, 2005) (rejecting government's rigid interpretation of waiver doctrine and holding that, when the filings "set forth the substance of the arguments … [the Court is] not prevented from reaching the merits by any waiver.").  Moreover, assuming *arguendo* defense counsel had failed to object on proper grounds, the Tenth Circuit has explicitly held that a party's failure to object to a Magistrate Judge's order does not strip a district court of its power to review.  *See Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006).

Because Appellant has consistently alleged that the Government failed to provide legally sufficient evidence to prove his guilt, has raised First Amendment, due process, and non-delegation concerns previously, and presents no new arguments now, the Government was not deprived of an opportunity to respond—as the fact that it did respond demonstrates.  And, because the arguments have been made, this Court is not in any danger of "issuing 'an improvident or ill-advised opinion' because [it] did not have the benefit of the adversarial process." *Leffler*, 942 F.3d at 1197-98 (quoting *Hill v. Kemp*, 478 F.3d 1236, 1251 (10th Cir. 2007)).

Even if this Court were to construe these issues as independent arguments, the Government's assertion that Appellant waived them by failing to assert plain error in his opening brief misses the mark.  The Tenth Circuit has consistently "left open the door for a criminal defendant to argue error in an opening brief and then allege plain error in a reply brief after the Government asserts waiver."  *Leffler*, 942 F.3d at 1198; *see also United States v. Courtney*, 816 F.3d 681, 684 (10th Cir. 2016) (due to interests at stake in criminal cases, there should not be "a hard and fast rule displacing the discretion of the court" to apply plain-error review "notwithstanding briefing deficiencies"); *United States v. MacKay*, 715 F.3d 807, 831 n.17 (10th Cir. 2013) (court may consider plain-error argument made for the first time in appellant's reply brief).

It is a fundamental precept of American law that "[t]he sufficiency of the evidence is inquired into upon appeal in every case." *Ex parte Lyles*, 323 S.W.2d 950, 951 (Tex. Crim. App. 1959).  As the Eighth Circuit explained, appellate courts must reverse a conviction *sua sponte* "in any case where evidence is lacking to support a conviction since under those circumstances it would clearly affect the substantial rights of the defendants," because doing otherwise would violate "a basic constitutional right[—]the right to be convicted only by evidence which proves guilt beyond a reasonable doubt." *United States v. McIntyre*, 467 F.2d 274, 276 n.1 (8th Cir. 1972).

4

Courts will "notice the alleged error and grant the appellant the relief" when the following requirements are met: (1) an error occurred; (2) the error is plain or obvious; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Courtney*, 816 F.3d at 684; *see United States v. Cotton*, 535 U.S. 625, 634 (2002) (explaining that plain-error rule applies, even when the issue is not preserved, where defendants might receive an inappropriate sentence due to "an error that was never objected to at trial," for to find otherwise would present a "real threat … to the fairness, integrity, or public reputation of judicial proceedings" (internal quotations omitted)).   So, appellate courts have authority to recognize a "plain error that affects substantial rights" even in cases where that error was not brought to the trial court's attention. *Courtney*, 816 F.3d at 684 (citing Fed. R. Crim. P. 52(b)).   An "error affects the substantial rights of a party if it had a substantial influence on the outcome or which leaves one in grave doubt, as to whether it had such effect." *United States v. Espinoza*, 244 F.3d 1234, 1240 (10th Cir. 2001) (cleaned up).   Indeed, as the Supreme Court has noted: "A rigid and undeviating judicially declared practice under which courts of review would invariably and under all circumstances decline to consider all questions which had not previously been specifically urged would be out of harmony with … the rules of fundamental justice." *Hormel*, 312 U.S. at 557.

As Appellant's opening brief details in full, an error that is both "plain or obvious" and "affects substantial rights" has occurred.   The magistrate judge's reliance on legally insufficient and inadmissible evidence for its finding of Appellant's guilt on both charges easily meets this requirement and certainly serves to undermine the fairness and integrity of the judicial proceeding. *See United States v. Goode*, 483 F.3d 676, 681 n.1 (10th Cir. 2011) (*en banc* adoption of footnote) ("[A] conviction in the absence of sufficient evidence of guilt is plainly an error, clearly prejudiced the defendant, and almost always creates manifest injustice.").

In short, these claims of constitutional dimension were adequately preserved below, and were not waived on appeal.  Even if they had been, Appellant alleges plain error now.  *See Leffler*, 942 F.3d at 1198 (holding that a criminal defendant may argue error in an opening brief and then allege plain error in a reply brief after the Government asserts waiver).[2]  There is no reason that the Court may not address and rule upon his arguments at this stage.

## II.   THE MAGISTRATE JUDGE'S EVIDENTIARY RULINGS ARE NOT IMPERVIOUS TO APPELLATE REVIEW AND THE FEDERAL RULES OF EVIDENCE

The Government posits that core principles of the Federal Rules of Evidence, including relevance, undue prejudice, hearsay, and admissibility, do not bear upon the legitimacy of the Magistrate Judge's evidentiary rulings in this case, because these arguments concern a "sufficiency of the evidence challenge" or because the ruling was made in a bench trial rather than before a jury.  (Response Br. at 13, 22, 25, 27).  The Government asserts that it "does not matter" whether the magazine article that served as the basis for Appellant's conviction was inadmissible hearsay or not.  (*Id*. at 13).  Indeed, the Government contends that "because the judge admitted the article, the statements were necessarily part of the evidence to support Lesh's conviction," and the Magistrate Judge, as factfinder, gets the final, unquestionable say, "even if a reasonable factfinder could have conceived of a different one." *Id*. at 13-14.

Not so.  The Government's argument holds no water because the judicial system does not work this way.  The Government effectively claims that evidentiary rulings made in bench trials

---

[2] Appellant also alleges that the jury trial deprivation, Point IV of his opening brief, constituted plain error, as he was denied a "'basic protectio[n]' whose precise effects are unmeasurable, but without which a criminal trial cannot reliably serve its function." *Sullivan v. Louisiana,* 508 U.S. 275, 281 (1993); *see also Rose v. Clark,* 478 U.S. 570, 578 (1986) ("Where [the right to a jury trial] is altogether denied, the State cannot contend that the deprivation was harmless because the evidence established the defendant's guilt; the error in such a case is that the wrong entity judged the defendant guilty."); *United States v. Ramirez-Castillo*, 748 F.3d 205, 209 (4th Cir. 2014) (finding plain error where appellant was denied "right to have a jury determine his guilt.").

lie beyond the reach of any meaningful appellate review.  But it is axiomatic that the rules of evidence apply equally to bench and jury trials.  *See* Fed. R. Evid. 101(a), 1101(b); Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2411, at 587 (2d ed. 1995) ("In theory, the Federal Rules of Evidence apply equally in court trials and jury trials.").  While it is true that at bench trials judges are "granted greater leeway in admitting questionable evidence" because they, unlike juries, are "presumed to have considered only competent evidence and disregarded any incompetent evidence," Response Br. at 22 (citing *Attorney Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3 769, 780 (10th Cir. 2009)), it does not follow that judges conducting bench trials are infallible, *see People v. De Groot*, 247 N.E.2d 177 (Ill. App. 1969) ("Where an objection has been made to the evidence and overruled, it cannot be presumed that the evidence did not enter the court's consideration.  The ruling itself indicates that the court thought the evidence proper.").  Appellate review serves the critical function of overseeing lower courts' rulings, whether in a jury trial or bench hearing.  And though judges have more latitude for their evidentiary rulings at bench trials, those decisions are still reviewed by appellate courts utilizing the exact same standards as those made during jury trials.  *Att'y Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 780 (10th Cir. 2009) (reviewing admission of expert testimony for abuse of discretion); *Tosco Corp. v. Koch Indus., Inc.*, 216 F.3d 886, 896 (10th Cir. 2000) (reviewing circumstantial evidence for clear error); *New England Mut. Life Ins. Co. v. Anderson*, 888 F.2d 646, 650 (10th Cir. 1989) (reviewing for abuse of discretion and finding not improper for lower court to exclude inadmissible hearsay from the record).

Furthermore, the Government's contention that it is "*improper* in a bench trial for the court to exclude evidence under Rule 403 on the ground that it is unfairly prejudicial," Response Br. at 25, is quite beside the point.  The evidence admitted at trial was not problematic merely because it was unduly prejudicial, but because it was inadmissible under a host of other provisions of the

7

Federal Rules of Evidence.  As explained in Appellant's opening brief, the *New Yorker* article was not merely unduly prejudicial (though it was), but it ran afoul of the prohibition on hearsay—which is verboten in part because it is intrinsically unreliable.  Nor may federal criminal courts outsource their truth-finding function to fact-checkers at the *New Yorker*. The Magistrate Judge's ruling that newspapers can be admitted without authentication is entirely orthogonal to the question of whether newspaper articles are hearsay.  And absent the *New Yorker* article, there is *no* evidence to support a conclusion that it was Appellant depicted in the Instagram photo.  Indeed, the court explicitly stated that Appellant's purported adoption of that article served as the basis for his convictions. (*See* Appellant's Opening Br. at 8-9).

The two cases that the Government cites to substantiate the proposition that improper admission of evidence is irrelevant when considering sufficiency-of-evidence arguments do not actually support its position.  Both cases concern the question of whether the Double Jeopardy Clause of the U.S. Constitution bars retrial of a defendant when, absent the improperly admitted materials, there would be insufficient evidence to sustain the conviction.  In answering this question, the Supreme Court explained that "a reversal for insufficiency of the evidence should be treated no differently than a trial court's granting a judgment of acquittal at the close of all the evidence.  A trial court in passing on such a motion considers all of the evidence it has admitted, and … this same quantum of evidence … is [to be] considered by the reviewing court." *Lockhart v. Nelson*, 488 U.S. 33, 41-42 (1988).  But here, the question is not whether Appellant ought to be retried at all; rather, the question is whether his initial trial was free from error.  It was not.  And therefore, at the very least, this Court should reverse the conviction because it was improperly obtained.[3]

---

[3] Although Appellant contends that absent improperly admitted evidence there is no basis on which the prosecution can proceed, this argument can be addressed if and when the Government decides to continue with the prosecution.

## CONCLUSION

For all of the reasons above and as well as those set forth in Appellant's opening brief, Mr. Lesh's convictions must be vacated; alternatively, his convictions must be reversed because they were obtained using inadmissible evidence.

Respectfully submitted,

November 21, 2022

 /s/ *Jenin Younes*
Jenin Younes
NEW CIVIL LIBERTIES ALLIANCE
1225 19th Street NW, Suite 450
Washington, DC 20036
202-869-5210
Jenin.younes@ncla.legal

*Counsel for Defendant-Appellant*

## CERTIFICATE OF COMPLIANCE

I am an attorney for Defendant-Appellant David Lesh.  I hereby certify that the foregoing brief complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B)(ii) because it contains 2,813 words, not including the table of contents, table of authorities, glossary, signature block, certificate of service, and this certificate of compliance.  This brief also complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5)-(6) because it is in 12-point, proportionately spaced Times New Roman type.


November 21, 2022                                    /s/ *Jenin Younes*
                                                     Jenin Younes

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of November, 2022, I electronically filed the brief of Appellant with the Clerk of the Court for the United States District Court for the District of Colorado by using the CM/ECF system.  I certify that all participants in the case are registered CM/CF users and that service will be accomplished by the CM/ECF system.


 /s/ *Jenin Younes*
Jenin Younes